UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIM. NO. 18-10092-WGY |
| RYAN S. LIN | ) ) ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S REQUEST**
**FOR JUDICIAL RECOMMENDATION**

The defendant, Ryan Lin, objects to the government's request that the Court recommend to the Bureau of Prisons that the defendant have no access to computers or internet while incarcerated. (Doc. 42). As grounds, the defendant states that the government's request for a judicial recommendation has not been made timely; such a recommendation will unnecessarily interfere with the defendant's attempts at rehabilitation; and this restriction would deny the defendant due process of law by interfering with his right to access to legal research.

On May 9, 2018, the defendant pled guilty to a multicount indictment charging him with cyber stalking, distribution of child pornography, hoax bomb threats, computer fraud, and identity theft. On October 3, 2018, the defendant was sentenced to a term of incarceration of 210 months. Subsequent to sentencing, on October 15, 2018, the government filed its request for a judicial recommendation that the defendant be

1

prohibited from accessing computers or the internet during his incarceration.

The government's present request was not raised prior to or during the defendant's sentencing hearing. The defendant did not have an opportunity to address this issue in his sentencing memorandum or with the Court during oral argument. For the government to make this request now, after the Court has already sentenced the defendant, effectively asks the Court to change its judgment after the fact. This issue should have been raised prior to sentencing, and the government's failure to do so is tantamount to a waiver.

Moreover, precluding the defendant from accessing computers or the internet during his incarceration could very likely interfere with the Bureau of Prisons' ("the BOP") decisions and rehabilitative efforts towards the defendant. The defendant will spend the better part of the next two decades in federal custody. During his presentence interview, he expressed a desire to participate in programs offered by the BOP while incarcerated. There is a realistic chance that programs the BOP offers now or in the future will involve the use of computers. There is no denying that computers play an integral role not only in day-to-day life, but also in the workforce. One of the greatest challenges that federal inmates face upon release is

obtaining employment.[1] With the increasing need for work in the technology industry, many prisons are beginning to offer vocational training and programs that necessitate the use of computers.[2] There is also the possibility that other programs the defendant could have access to, that do not strictly focus on computer skills, will involve some degree of computer use. To recommend precluding the defendant from accessing vocational training and programming opportunities that may exist now or come into existence during his lengthy term of confinement would unnecessarily interfere with his and the BOP's efforts at rehabilitation. Undoubtedly, the defendant was convicted of serious offenses involving the use of computers. Likewise, there is no question that his use of computers while incarcerated should be closely monitored by prison authorities. However, the conduct that he admitted to and is now being punished for should not prevent him from making efforts towards living a healthy, productive life once he is released from custody. Blocking those efforts will only increase the likelihood that he will reoffend.

The government's request also raises significant constitutional issues. Prisoners have a constitutional right of

---

[1] *See* Lucius Couloute & Daniel Kopf, *Out of Prison & Out of Work: Unemployment Among Formerly Incarcerated People,* Prison Policy Initiative (July 2018), https://www.prisonpolicy.org/reports/outofwork.html (finding unemployment rate for formerly incarcerated persons at 27%).
[2] *See* Dena Ross Higgins, *From Cons to Coders: How Some U.S. Prisons are Teaching Tech*, https://www.aetv.com/shows/60-days-in/articles/inmates-as-tech-professionals (last visited October 17, 2018).

access to the courts pursuant to the Fourteenth Amendment. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right includes access to adequate law libraries and legal research. *Id.* at 828. Legal research by federal inmates is now conducted exclusively on computers.³ The same is true for preparation of legal filings by pro se defendants housed in federal prisons. Thus, a blanket ban on the defendant's ability to access computers and the internet would directly infringe upon his due process rights.

WHEREFORE, the defendant moves that the Court deny the government's request for a judicial recommendation that he have no access to computers or the internet while he is incarcerated.

RYAN S. LIN
By His Attorneys

CARNEY & ASSOCIATES

*J. W. Carney, Jr.*

J. W. Carney, Jr.
B.B.O. # 074760

Reyna Ramirez
B.B.O. # 698630

Daniel J. Gaudet
B.B.O. # 688120

Carney & Associates
20 Park Plaza, Suite 1405
Boston, MA 02116

---

³ Christopher Zoukis, *Law Libraries in Federal Prison*, Zoukis Prisoner Resources (December 14, 2017), https://www.prisonerresource.com/life-in-prison/law-libraries-federal-prison/ (stating that federal prisoners must conduct legal research on computers that have access to LexisNexis).

                                            617-933-0350
                                            jcarney@CARNEYdefense.com
October 17, 2018

Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*J. W. Carney, Jr.*

J. W. Carney, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIM. NO. 18-10092-WGY |
| RYAN S. LIN | ) ) ) | |

**<u>AFFIDAVIT IN SUPPORT OF DEFENDANT'S OPPOSITION TO GOVERNMENT'S REQUEST FOR JUDICIAL RECOMMENDATION</u>**

I, J. W. Carney, Jr., state that the facts contained in the attached opposition are true to the best of my information and belief.

Signed under the penalties of perjury.

*J. W. Carney, Jr.*

J. W. Carney, Jr.

October 17, 2018